IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CANDICE LLOYD**<br>7235 Walnut Street<br>Upper Darby, PA 19082 | : CIVIL ACTION NO.<br>:  02004055<br>:<br>: |
| v. | :<br>: |
| **SALVATION ARMY**<br>**DIVISIONAL HEADQUARTERS**<br>715 North Broad Street<br>Philadelphia, PA 19123 | :<br>:<br>:<br>:<br>: |
| and | :<br>: Filed June 25, 2002 |
| **SALVATION ARMY**<br>**RED SHIELD FAMILY RESIDENCE**<br>715 North Broad Street<br>Philadelphia, PA 19123 | :<br>:<br>:<br>:<br>: |
| and | :<br>: |
| **MARGARET MORRIS**<br>c/o RED SHIELD FAMILY RESIDENCE<br>715 North Broad Street<br>Philadelphia, PA 19123 | :<br>:<br>:<br>:<br>: |
| and | :<br>: |
| **SUSAN BROTHERTON**<br>c/o RED SHIELD FAMILY RESIDENCE<br>715 North Broad Street<br>Philadelphia, PA 19123 | :<br>:<br>:<br>: |

## CIVIL ACTION - COMPLAINT

Plaintiff, Candice Lloyd, by and through her attorneys, Frost & Zeff, brings this Complaint against the Defendants and in support thereof alleges as follows:

## INTRODUCTION

1. This action for declaratory, injunction, monetary and other appropriate relief is brought by Plaintiff to redress the intentional violations by the Defendants of the rights secured to Plaintiff by the laws of the United States of America and the statutory and common law of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Section 1331 and 1343(3) and the aforementioned statutory constitutional provisions. Plaintiff, Candice Lloyd, has timely filed a complaint of disability, discrimination and retaliation in employment with the United States Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. Attached hereto as Exhibit "A" is a true and correct copy of the Right to Sue Letter relating to the same. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under state law.

3. Venue is appropriately laid in the District of Pennsylvania pursuant to 28 U.S.C. Section 1391(b), as it is the judicial district in which parties reside.

4. The amount in controversy exceeds One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.

## PARTIES

5. Plaintiff, Candice Lloyd (hereinafter referred to as "Plaintiff") is a citizen and resident of Pennsylvania residing at the above address.

6. Defendant, Salvation Divisional Headquarters (hereinafter referred to as "Defendant Salvation Army"), is a corporation doing business in the Commonwealth of Pennsylvania.

7. Defendant, Salvation Army Red Shield Family Residence (hereinafter referred to as "Defendant Red Shield"), is a subsidiary of Defendant Salvation Army doing business in the Commonwealth of Pennsylvania.

8. Defendant, Margaret Morris, was at all times relevant hereto an employee of Defendants Salvation Army and Red Shield and is sued in her individual and official capacities.

9. Defendant, Susan Brotherton, is an employee of Defendants Salvation Army and Red Shield, is the Director of Red Shield and is sued in her individual and official capacities.

## FACTUAL BACKGROUND

10. On or about 1992, Plaintiff was hired by Red Shield as an Organization Consultant hired to start a drug and alcohol rehabilitation program.

11. Subsequently, Plaintiff continued to do consulting work on a contract basis and as an employee of Red Shield.

12. Throughout her employment with Red Shield, Plaintiff would see difficult clients to assess and treat if necessary.

13. Throughout her tenure with Defendants, Plaintiff received outstanding performance evaluations and was given additional pay to do consulting work and training at other homeless shelters and programs that the Salvation Army operates in the Philadelphia area.

14. In approximately the year 2000, Plaintiff developed osteoarthritis which ultimately required an operation on her right knee in November of 2000. She also developed adult onset of diabetes at the same time.

15. The arthritis developed by Plaintiff was debilitating and required her to use a wheelchair on a frequent basis. Eventually, she required a wheelchair full time.

16. Plaintiff was unable to access the second floor of Red Shield since it was not wheelchair accessible.

17. Plaintiff was required to work out of the copier room on the first floor. From that room, she would assess and counsel individuals.

18. Plaintiff was also unable to access her client files on the second floor of the building as a result of her illness.

19. Despite repeated demands to Defendant Brotherton to make her files and her work more accessible, Plaintiff was denied access.

20. At about the same time, Plaintiff was denied access to a bathroom key making it difficult, if not impossible, for her to continue working.

21. Despite these conditions, Plaintiff continued to work until August 29, 2001 when she was terminated. The reasons given for her termination were pretext for discrimination.

22. Throughout her tenure with Red Shield, Plaintiff would on occasion work via consulting contract and on other occasions as an employee without a contract.

23. In late June 2001, Plaintiff's employment status was converted to a one year contract.

24. On August 29, 2001, Plaintiff was told that her contract had been terminated because there was no counseling staff for her to supervise.

25. Within three weeks of Plaintiff's termination, new counseling staff was hired which required supervision.

26. In addition to the above, Plaintiff was also the subject of various comments about her Jewish and Italian heritage.

27. At the time of her termination, Plaintiff had a contract to perform services and be paid for at least an additional ten months.

28. As a result of the above-described actions, Plaintiff has suffered damages of humiliation, embarrassment, loss of self-esteem, back pay, front pay, other economic loss and other damages.

## COUNT I
## PLAINTIFF vs. SALVATION ARMY AND RED SHIELD
## VIOLATION OF TITLE VII

29. Plaintiff incorporates and adopts by reference paragraphs one (1) through twenty-eight (28) herein set forth at length.

30. Plaintiff suffers from debilitating arthritis and diabetes which require her to use a wheelchair. These conditions satisfy the definition of disability under the American With Disabilities Act.

31. Plaintiff was treated as if she were disabled and unable to perform her duties.

32. Plaintiff made multiple requests for an accommodation so that she may use a wheelchair to perform her duties.

33. Plaintiff's requests for an accommodation were denied.

34. Plaintiff was able to satisfactorily perform her duties despite the wheelchair and Defendants' refusal to accommodate.

35. Defendants have violated Plaintiff's rights under the Americans With Disabilities Act as amended.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

    a)    enter a declaratory judgment that Defendants' discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and the Pennsylvania Constitutions;

    b)    enjoin Defendants from harassment or any other retaliatory action toward Plaintiff;

    c)    award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

    d)    award reasonable costs and attorney's fee;

    e)    award punitive damages; and

    f)    grant any other relief this Court deems just and proper under the circumstances.

## COUNT II
## PLAINTIFF vs. DEFENDANTS
## **VIOLATION OF PHRA**

36. Plaintiff incorporates and adopts by reference paragraphs one (1) through thirty-five (35) herein set forth at length.

37. The actions of Defendants violate Plaintiff's rights under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

    a)    enter a declaratory judgment that Defendant's discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and the Pennsylvania Constitutions;

    b)    enjoin Defendant from harassment or any other retaliatory action toward Plaintiff;

    c)    award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

    d)    award reasonable costs and attorney's fee;

    e)    award punitive damages; and

    f)    grant any other relief this Court deems just and proper under the circumstances.

## COUNT III
## PLAINTIFF vs. ALL DEFENDANTS
## BREACH OF CONTRACT

38. Plaintiff incorporates and adopts by reference paragraphs one (1) through thirty-seven (37) herein set forth at length.

39. Plaintiff and Defendants had in place a contract of employment consisting of both written and oral components.

40. Defendants have breached their contract with Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

 a) enter a declaratory judgment that Defendants' discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and the Pennsylvania Constitutions;

 b) enjoin Defendants from harassment or any other retaliatory action toward Plaintiff;

 c) award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

 d) award reasonable costs and attorney's fee;

 e) award punitive damages; and

 f) grant any other relief this Court deems just and proper under the circumstances.

## COUNT IV
## PLAINTIFF vs. SALVATION ARMY AND RED SHIELD
## RETALIATION

41. Plaintiff incorporates and adopts by reference paragraphs one (1) through forty (40) as though set forth at length.

42. Plaintiff's employment was terminated in whole or in part as a result of her request for accommodation.

43. Said actions by Defendants are retaliatory and in violation of Title VII.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

a) enter a declaratory judgment that Defendants' discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the United States and the Pennsylvania Constitutions;

b) enjoin Defendants from harassment or any other retaliatory action toward Plaintiff;

c) award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

d) award reasonable costs and attorney's fee;

e) award punitive damages; and

f) grant any other relief this Court deems just and proper under the circumstances.

## COUNT V
## PLAINTIFF vs. SALVATION ARMY AND RED SHIELD
## TITLE VII

44. Plaintiff incorporates and adopts by reference paragraphs one (1) through forty-three (43) as though set forth at length.

45. The actions in whole or in part was the result of Plaintiff's religion and national origin and in violation of Title VII.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

a) enter a declaratory judgment that Defendants' discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state

        legislative enactments and the common law, public policy and the United States and the Pennsylvania Constitutions;

b)     enjoin Defendants from harassment or any other retaliatory action toward Plaintiff;

c)     award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

d)     award reasonable costs and attorney's fee;

e)     award punitive damages; and

f)     grant any other relief this Court deems just and proper under the circumstances.

**FROST & ZEFF**

BY: _____
GREGG L. ZEFF, ESQUIRE
Attorney for Plaintiffs
PIER FIVE AT PENN'S LANDING
PHILADELPHIA, PA 19106
(215) 351-3333