IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CANDICE LLOYD,** | **CIVIL ACTION** |
| Plaintiff, | No. 02-CV-4055 |
| v. | |
| **SALVATION ARMY DIVISIONAL HEADQUARTERS** and **SALVATION ARMY RED SHIELD FAMILY RESIDENCE** and **MARGARET MORRIS** and **SUSAN BROTHERTON,** | |
| Defendants. | |

## ORDER

AND NOW, this _____ day of _____ , 2000, upon consideration of the Defendants' Motion to Dismiss Plaintiff's Claims Pursuant to Rule 12 (b)(6), it is hereby ORDERED that the Motion is GRANTED:

(1)   Count I is dismissed WITH PREJUDICE;

(2)   Count II is dismissed against Margaret Morris and Susan Brotherton WITH PREJUDICE;

(3)   Plaintiff's request for punitive damages under Count II is hereby dismissed WITH PREJUDICE;

(4)   Count III is dismissed WITH PREJUDICE;

(5)   Count IV is dismissed WITH PREJUDICE; and

(8)   Count V is dismissed WITH PREJUDICE.

BY THE COURT:

_____
J.

**IN THE UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDICE LLOYD, | : | CIVIL ACTION |
|       Plaintiff, | : | No. 02-CV-4055 |
| | : | |
| v. | : | |
| | : | |
| SALVATION ARMY DIVISIONAL HEADQUARTERS | : | |
|   and | : | |
| SALVATION ARMY RED SHIELD FAMILY | | |
|     RESIDENCE | : | |
|   and | : | |
| MARGARET MORRIS | : | |
|   and | : | |
| SUSAN BROTHERTON, | : | |
|       Defendants. | : | |

### THE SALVATION ARMY, MARGARET MORRIS AND SUSAN BROTHERTON'S MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO RULE 12 (b)(6).

Defendants, by their undersigned counsel, in support of their Motion to Dismiss Plaintiff's Claims represent as follows:

1. On June 25, 2002, Plaintiff filed the Complaint in the instant action.

2. Plaintiff identified four (4) defendants: Salvation Army Divisional Headquarters; Salvation Army Red Shield Family Residence; Margaret Morris, and Susan Brotherton.

3. Count I of Plaintiff's Complaint, entitled "Plaintiff vs. Salvation Army and Red Shield Violation of Title VII" is a claim for disability discrimination.

4. There is no liability under Title VII for disability discrimination.

5. Count II of Plaintiff's Complaint is against all four defendants for violations of the Pennsylvania Human Relations Act ("PHRA").

6. There are no allegations to support liability against Margaret Morris or Susan Brotherton under the PHRA.

7. Count II alleges a claim for punitive damages.

8. Punitive damages are not available under the PHRA.

9. Count III of Plaintiff's Complaint is against all four defendants for Breach of Contract.

10. There are no allegations as to the parties to the alleged contract or its terms.

11. Count IV of Plaintiff's Complaint is a claim for retaliation in violation of Title VII.

12. There are no allegations as to the basis for the retaliation claim.

13. Plaintiff has failed to exhaust her administrative remedies with respect to her retaliation claim.

14. Count V is a claim for religious and national origin discrimination under Title VII.

15. Plaintiff has failed to exhaust her administrative remedies with respect to a claim for either religious or national origin discrimination.

16. Plaintiff has failed to allege the basis for her claim for discrimination based upon religion or national origin.

WHEREFORE, for all of the above-stated reasons, Defendants respectfully request that the Court enter an Order in the form proposed.

Respectfully submitted,
Hepburn Willcox Hamilton & Putnam, LLP

BY: _____
Susan L. White, Esquire
I.D. No. 46066
Attorneys for Defendants
1100 One Penn Center
Philadelphia, PA 19103
(215)-568-7500 Dated:

August    , 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDICE LLOYD, | : | CIVIL ACTION |
| Plaintiff, | : | No. 02-CV-4055 |
| | : | |
| v. | : | |
| | : | |
| SALVATION ARMY DIVISIONAL HEADQUARTERS | : | |
| and | : | |
| SALVATION ARMY RED SHIELD FAMILY RESIDENCE | : | |
| and | : | |
| MARGARET MORRIS | : | |
| and | : | |
| SUSAN BROTHERTON, | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF THE SALVATION ARMY, MARGARET MORRIS AND SUSAN BROTHERTON'S MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO RULE 12 (b)(6)**

The Salvation Army, by its undersigned counsel, hereby submits this Memorandum in support of its Motion to Dismiss Defendant's Counterclaim.

I.   **INTRODUCTION**

Plaintiff filed a Complaint on or about June 25, 2002, alleging claims of discrimination against Salvation Army Divisional Headquarters, Salvation Army Red Shield Family Residence and two individuals, allegedly employed by the former named defendants. In Count I against Salvation Army Divisional Headquarters and Salvation Army Red Shield Family Residence, Plaintiff alleges a violation of Title VII occurred as a result of discrimination based upon Plaintiff's disabilities and request for an accommodation. In Count II against all defendants, Plaintiff alleges a violation of the Pennsylvania Human Relations Act. In Count III against all defendants, Plaintiff alleges a breach of contract. In

Count IV against Salvation Army Divisional Headquarters and Salvation Army Red Shield Family Residence, Plaintiff alleges a violation of Title VII occurred as a result of actions which were retaliatory. In Count V against Salvation Army Divisional Headquarters and Salvation Army Red Shield Family Residence, Plaintiff alleges a violation of Title VII based upon her religion and national origin.

## II.    LEGAL ARGUMENT

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the following defenses may at the option of the pleader be made by motion:...(6) failure to state a claim upon which relief can be granted." If, when viewing the allegations of the Complaint, in the light most favorable to the plaintiff, they fail to state a cause of action as a matter of law, it is appropriate to grant a motion to dismiss. <u>Diep v. Southwark Metal Manufacturing Co.</u>, 2001 U.S. Dist LEXIS 2953, 3-4.

In our case, Plaintiff has failed to state a claim for the following: (1) a violation of Title VII by virtue of alleged disability discrimination in Count I; (2) a claim for individual liability under the PHRA in Count II; (3) a claim for punitive damages under the PHRA in Count II; (4) a claim for breach of contract against any party under Count III; (5) a claim for retaliation discrimination under Count IV; and (6) a claim for religious and/or national origin discrimination pursuant to Title VII under Count V.

### A.    THERE IS NO TITLE VII RIGHT OF ACTION FOR DISABILITY DISCRIMINATION AS ALLEGED IN COUNT I.

Count I against Salvation Army Divisional Headquarters and Salvation Army Red Shield Family Residence alleges a violation of Title VII occurred as a result of discrimination based upon Plaintiff's disabilities and request for an accommodation. It is

entitled "Plaintiff vs. Salvation Army and Red Shield Violation of Title VII."

Under Title VII, 42 U.S.C.§2000e-2(a)(1)

> It shall be an unlawful employment practice for an employer-- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin...

Title VII "creates a cause of action for discrimination based on an individual's 'race, color, religion, sex, or national origin.' Disability is not among the enumerated bases for a Title VII suit and therefore a claim for disability discrimination brought under Title VII cannot survive." Diep v. Southward Metal Manufacturing Company, 2001 U.S. Dist. LEXIS 2953, 8 (E.D. Pa.).

Thus, Count I of Plaintiff's Complaint for disability discrimination pursuant to Title VII cannot survive and must be dismissed under F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**B. THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS AND FOR PUNITIVE DAMAGES IN COUNT II CANNOT SURVIVE.**

Count II is against all defendants and alleges a violation of the Pennsylvania Human Relations Act ("PHRA"). Plaintiff failed to adequately allege facts to support any individual liability under the PHRA, and cannot make a claim for punitive damages under the PHRA.

### 1. THERE ARE NO ALLEGATIONS TO SUPPORT INDIVIDUAL LIABILITY UNDER THE PHRA AGAINST EITHER MARGARET MORRIS OR SUSAN BROTHERTON.

Under Pa. Cons. Stat. Ann §955(e), it is unlawful "[f]or any person, employer, employment agency, labor organization or employe, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice." There are no allegations that either Margaret Morris or Susan Brotherton intended to aid their employer's alleged discriminatory behavior.

The allegations concerning both individual defendants are sparse and do not meet the minimum requirements to sustain a cause of action against them under the PHRA. The "Pennsylvania Supreme Court would not impose liability on an individual defendant under section 955(e) simply upon allegations that the defendant acted within the scope of an employment or agency relationship." DeStafano v. Henry Mitchell Company, 2000 U.S. Dist LEXIS 4290, 7-8 (E. D. Pa.). In DeStafano, the Complaint did not specifically allege that Defendant intended to aid the Company's discriminatory behavior and the Court granted the Defendant's Motion under F.R.C.P. 12(b)(6) and dismissed Plaintiff's claims. Similarly, this Court should dismiss Plaintiff's claims against Margaret Morris and Susan Brotherton under Count II under the same rationale; there are no allegations that either individual performed acts that aided and abetted their employer's alleged discriminatory behavior.

In Greenspun v. U.S.A. Entertainment Center, 39 Pa. D. & C. 4th 394, 400-401

(1998), preliminary objections were sustained to a claim for individual liability against the president, CEO, and chairman of the board of directors of the corporate defendant. That court determined that the individual defendant was not the employer under the PHRA and the action he took did not perpetuate an unlawful discriminatory practice. Further, there was no individual liability because as an "employee of the defendant because he failed to 'aid, abet, incite, compel or coerce the doing of any act declared [to be an unlawful discriminatory practice under the PHRA and there were no] allegations that [the individual] perpetuated an ongoing pattern of discrimination against [the plaintiff]." Greenspun v. U.S.A. Entertainment Center, 39 Pa. D. & C. 4th at 401 (1998). Similarly, neither Ms. Morris, nor Ms. Brotherton were Plaintiff's employer under the PHRA, which defines an employer as "any person employing four or more persons." 43 P.S. §954(b). Also, there are no allegations that either individual "perpetuated an ongoing pattern of discrimination" against Plaintiff. Thus, dismissal of Ms. Morris and Ms. Brotherton from Count II is appropriate.

## 2. PUNITIVE DAMAGES ARE NOT AVAILABLE UNDER THE PHRA.

Count II requests punitive damages for a violation of the PHRA. "[P]unitive damages are not available under the PHRA." Schumacher v. Souderton Area School District, 2000 U.S. Dist. LEXIS 563, 34 (E.D. Pa.); Greenspun v. U.S.A. Entertainment Center, 39 Pa. D. & C. 4th at 399 (1998). Thus, Plaintiff's request for punitive damages under Count II must be dismissed.

### C. THERE ARE NOT SUFFICIENT ALLEGATIONS TO SUPPORT A CLAIM FOR BREACH OF CONTRACT AGAINST ALL DEFENDANTS.

Under Pennsylvania law, "to form an enforceable contract, there must be an offer, acceptance, consideration and mutual meeting of the minds." Schreiber v. Olan Mills, 426 Pa. Super. 537, 541-542, 627 A.2d 806, 808 (1993). There are no allegations in Count III that satisfy these requirements.

Under Pennsylvania law, "so long as the parties agree on essential terms which they intend to be binding, a contract is formed even though they intend to adopt a formal document with additional terms at a later date." Courier Times, Inc. v. United Feature Syndicate, Inc., 300 Pa. Super. 40, 54, 445 A.2d 1288, 1295 (1982). See also Field v. Golden Triangle Broadcasting, Inc., 451 Pa. 410, 418, 305 A.2d 689, 693 (1973). All that is necessary for formation of a contract is "a meeting of the parties' minds on the essential elements of their agreement." Courier Times, 300 Pa. Super. at 54, 445 A.2d at 1295. There are no allegations to satisfy these requirements. There are no allegations that identify the parties to the alleged contract or its essential terms.

Thus, Count III must be dismissed.

### D. PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES WITH RESPECT TO HER RETALIATION CLAIM OF COUNT IV WHICH ALSO FAILS TO ALLEGE THE BASIS FOR ANY RETALIATION CLAIM.

In Count IV against Salvation Army Divisional Headquarters and Salvation Army Red Shield Family Residence, Plaintiff alleges a violation of Title VII occurred as a result of actions which were retaliatory. However, Plaintiff never filed an administrative charge based upon retaliation and Plaintiff has failed to allege the basis for the alleged retaliation.

Other than checking that box, there are no allegations regarding retaliation discrimination.

### 1. THERE ARE NOT SUFFICIENT ALLEGATIONS TO SUPPORT A CLAIM FOR RETALIATION.

The only allegation regarding retaliation is peculiar. Plaintiff states that her "employment was terminated...as a result of her request for accommodation [which is] retaliatory and in violation of Title VII." Count IV, ¶¶42-43. The issue of a request for an accommodation is relevant under the ADA, not Title VII. Thus, Plaintiff has failed to state a claim for retaliation under Title VII.

However, the ADA retaliation provision is similar to Title VII's prohibition of retaliation. Krouse v. American Sterlizer Co., 126 F. 3d 494, 500 (1997). It is also nearly identical to the retaliations provisions of the Age Discrimination in Employment Act (ADEA) and the PHRA. Thus, a general analysis of whether there are allegations to support a claim for retaliation under any employment discrimination statute is appropriate. Fogleman v. Mercy Hospital Inc., 283 F. 3d 561, 567 (2002).

The ADA's anti-retaliation provision provides,

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter. 42 U.S.C.§12203(a).

It also provides,

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

There is no allegation under Count IV of retaliation because Plaintiff "opposed any act or practice made unlawful by this chapter" or because she "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter. There is also no allegation that any defendant "coerce[d], intimidate[d], threaten[d], or interfere[d] with [plaintiff] in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

In Schumacher v. Souderton Area School District, 2000 U.S. Dist. LEXIS 563, p. 32-33, citing Krouse v. American Sterilizer Co., 126 F. 3d 494, 500 (3d Cir. 1997), there was an allegation of retaliation after Plaintiff filed her Complaint with the EEOC. Plaintiff has no such allegation. At best, Plaintiff has alleged straight disability discrimination.

**2.     PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES WITH RESPECT TO HER CLAIM FOR RETALIATION.**

Plaintiff never filed a charge with any administrative agency that covered a claim for retaliation discrimination. **Exhibit A.** Other than a check of the box, there is no mention of discrimination on this basis in the administrative complaint filed with the EEOC. On that basis, this claim must be dismissed. " Under Title VII and the Rehabilitation Act, a claimant must first exhaust her administrative remedies before filing suit in federal court, and a failure to exhaust is akin to a failure to comply with a statute of limitations." Donovan v. Henderson, 36 Fed. Appx. 496, 2002 U.S. App. LEXIS 11658, 3. Having failed to do so, Plaintiff's claims must be dismissed.

**E.    PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES WITH RESPECT TO HER CLAIMS FOR RELIGIOUS AND NATIONAL ORIGIN DISCRIMINATION.**

In Count IV, Plaintiff alleges a violation of Title VII based upon her religion and national origin.  In Plaintiff's administrative complaint filed with the EEOC, other than a check of the box "religion," there are not allegations concerning religious or national origin discrimination.  Plaintiff did not even check the "national origin" box. Thus, a similar analysis as to that set forth in the section above, supports dismissal of Count IV also.

Plaintiff alleges that she "developed arthritis" and subsequently "acquired a wheelchair" after which she was unable  "to access critical client files on the second floor." She further alleges that she asked "the director, Susan Brotherton, to make them accessible" but that Ms. Brotherton "refused to act on that request. " Further, she alleges that Ms. Brotherton  "failed to hire required clinical staff in a timely manner" which was the "principal reason for [her] contract termination."   Finally, she states, "I believe that her failure to act represents a violation of the Americans with Disability Act of 1990, as amended, and that the Respondent has failed to accommodate my disability." **Exhibit A.** There is no mention of discrimination based upon Title VII or religion or national origin. Indeed, Plaintiff does not identify her religion or national origin. Thus, any such claims must be dismissed.

**III.    CONCLUSION**

Plaintiff's Complaint is remiss in several areas and, as such, it warrants dismissal of certain claims asserted therein.

WHEREFORE, for all of the above-stated reasons, Defendants respectfully request that the Court enter an Order in the form proposed.

9

Respectfully submitted,

Hepburn Willcox Hamilton & Putnam, LLP

BY: _____
Susan L. White, Esquire
I.D. No. 46066
Attorneys for Defendants
1100 One Penn Center
Philadelphia, PA 19103
(215)-568-7500

Dated: August    , 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDICE LLOYD,<br>             Plaintiff,<br><br>            v.<br><br>SALVATION ARMY DIVISIONAL HEADQUARTERS<br>     and<br>SALVATION ARMY RED SHIELD FAMILY<br>     RESIDENCE<br>     and<br>MARGARET MORRIS<br>     and<br>SUSAN BROTHERTON,<br>             Defendants. | CIVIL ACTION<br>No. 02-CV-4055 |

## CERTIFICATE OF SERVICE

I, Susan L. White, Esquire, an attorney in the law firm of Hepburn Willcox Hamilton & Putnam, LLP, Counsel for Plaintiff, hereby certify that I caused true and correct copies of Defendants' Motion to Dismiss Plaintiff's Claims Pursuant to Rule 12 (b)(6) and/or for a More Definite Statement Pursuant to Rule 12(e), including a Memorandum of Law in support thereof, and a proposed Order to be entered by the Court, to be served upon the following counsel by regular mail, postage prepaid this 23rd day of August, 2002:

        Gregg L. Zeff, Esquire
        Frost & Zeff
        Pier Five at Penn's Landing
        Philadelphia, PA 19106

        _____
        Susan L. White