IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDICE LLOYD, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 02-CV-4055 |
| | : | |
| SALVATION ARMY DIVISIONAL, | : | |
| HEADQUARTERS | : | |
| Defendant. | : | |

## ANSWER TO AMENDED COMPLAINT

Defendants, through their undersigned counsel, responds to Plaintiff's Complaint as follows:

### INTRODUCTION

1. Denied that there were any violations, intentional of otherwise, by the Defendants of any laws of the United States of America and/or the statutory and/or common law of the Commonwealth of Pennsylvania.

### JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

4. Denied.

### PARTIES

5. Admitted.

6. Denied. Defendant, Salvation Divisional Headquarters is not a legal entity with the capacity to be sued. It is admitted that The Salvation Army is a corporation doing business in Pennsylvania. This paragraph is incorporated by reference into each and every paragraph which follows.

7. Denied. Salvation Army Red Shield Family Residence is neither a subsidiary of Defendant, Salvation Divisional Headquarters nor The Salvation Further it is not a legal entity with the capacity to be sued. This paragraph is incorporated by reference into each and every paragraph which follows.

8. Denied. Margaret Morris was not at all times relevant hereto an employee of Defendant Salvation Army Red Shield Family Residence, Defendant Salvation Army Divisional Headquarters, nor The Salvation Army.

9. Admitted only that Susan Brotherton is an employee of The Salvation Army.

## FACTUAL BACKGROUND

10. Denied. Plaintiff was hired by The Salvation Army on July 1, 1992, as a Clinical Supervisor pursuant to a position created under a contract with OSHA to provide a drug and alcohol recovery program and to provide approximately two (2) hours per week of services.

11. Denied. Plaintiff did not have a written contract for a term with The Salvation Army. Plaintiff was an at-will employee of The Salvation Army until June 28, 2001, at which time Plaintiff entered into a written contract for a one (1) year period during which Plaintiff acted in the capacity of a Clinical Consultant for The Salvation Army Red Shield Residence, the terms of which were set forth in that written contract. Prior to June 28, 2001, in October 1997, Plaintiff was approved to work an additional seven (7) hours per week.

12. Denied that the clients were difficult. They were typical for the types of programs involved.

13. Admitted.

14. Denied based upon lack of knowledge and information as to the diagnosis and treatment of the alleged diseases.

15. Denied that during her employment with The Salvation Army, Plaintiff was required to use a wheelchair full time.

16. Denied. The Salvation Army, through its agents and employees, accommodated Plaintiff's needs as they related to the second floor of the premises identified.

17. Admitted that her office had a copy machine in it.

18. Denied.

19. Denied.

20. Denied.

21. Denied that the reasons given for Plaintiff's termination were pretextual or that Plaintiff was terminated for an illegal reason.

22. Denied. The Salvation Army incorporates by reference the averments of paragraphs 10 and 11 above as though fully set forth.

23. Denied. The Salvation Army incorporates by reference the averments of paragraphs 10 and 11 above as though fully set forth.

24. Denied.

25. Denied. New Case Managers were hired; however, they did not require supervision in addition to that provided by Susan Brotherton.

26. Denied.

27. Denied. The contract provided for termination by either party at any time with sixty (60) days written notice. Additionally, the contract did not provide for a minimum number of hours per week of services for which Plaintiff would be paid. On the

contrary, it provided that Plaintiff was not to exceed fifteen (15) hours per week, which Plaintiff did exceed.

28. Denied.

## COUNT I
## PLAINTIFF V. SALVATION ARMY AND RED SHIELD
## VIOLATION OF 42 U.S.C. §12101-12213 *et seq.*

29. The Salvation Army incorporates by reference the averments of paragraph 1 through 28 above as though fully set forth.

30. Denied based upon lack of knowledge and information as to whether Plaintiff suffers from debilitating arthritis and diabetes and, if so, whether it requires her to use a wheelchair.

31. Denied.

32. Denied.

33. Denied.

34. Admitted that Plaintiff performed her duties satisfactorily. Denied that Defendant refused to accommodate her.

35. Denied.

WHEREFORE, The Salvation Army respectfully requests this Honorable Court to dismiss this Count I and enter judgment against Plaintiff and in favor of The Salvation Army along with costs of suit, reasonable attorney's fees and any other relief this Court deems appropriate.

## COUNT II
## PLAINTIFF v. DEFENDANTS
## VIOLATION OF PHRA

36. The Salvation Army incorporates by reference the averments of paragraph 1 through 35 above as though fully set forth.

37. Denied.

WHEREFORE, The Salvation Army respectfully requests this Honorable Court to dismiss this Count I and enter judgment against Plaintiff and in favor of The Salvation Army along with costs of suit, reasonable attorney's fees and any other relief this Court deems appropriate.

## COUNT III
## PLAINTIFF v. DEFENDANTS
## BREACH OF CONTRACT

38. The Salvation Army incorporates by reference the averments of paragraph 1 through 37 above as though fully set forth.

39. Denied. There was only a written contract in place and effect at the time Plaintiff was notified that the contract was being terminated.

40. Denied.

WHEREFORE, The Salvation Army respectfully requests this Honorable Court to dismiss this Count I and enter judgment against Plaintiff and in favor of The Salvation Army along with costs of suit, reasonable attorney's fees and any other relief this Court deems appropriate.

## COUNT IV
## PLAINTIFF v. SALVATION ARMY AND RED SHIELD
## RETALIATION

41. The Salvation Army incorporates by reference the averments of paragraph 1 through 40 above as though fully set forth.

42. Denied.

43. Denied.

WHEREFORE, The Salvation Army respectfully requests this Honorable Court to dismiss this Count I and enter judgment against Plaintiff and in favor of The Salvation Army along with costs of suit, reasonable attorney's fees and any other relief this Court deems appropriate.

### COUNT V
### PLAINTIFF v. SALVATION ARMY AND RED SHIELD
### TITLE VII

44. The Salvation Army incorporates by reference the averments of paragraph 1 through 43 above as though fully set forth.

45. Denied.

WHEREFORE, The Salvation Army respectfully requests this Honorable Court to dismiss this Count I and enter judgment against Plaintiff and in favor of The Salvation Army along with costs of suit, reasonable attorney's fees and any other relief this Court deems appropriate.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Even if Plaintiff was subjected to the conduct alleged in Plaintiff's Complaint, such conduct was not because of Plaintiff's alleged disability.

### FOURTH AFFIRMATIVE DEFENSE

Even if Plaintiff was subjected to the conduct alleged in Plaintiff's Complaint, such conduct was not because of Plaintiff's alleged religion.

### FIFTH AFFIRMATIVE DEFENSE

Even if Plaintiff was subjected to the conduct alleged in Plaintiff's Complaint, such conduct was not because of Plaintiff's alleged national origin.

### SIXTH AFFIRMATIVE DEFENSE

Even if Plaintiff was subjected to the conduct alleged in Plaintiff's Complaint, Plaintiff failed to promptly complain about such conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff was subjected to the conduct alleged in Plaintiff's Complaint, and even if Plaintiff promptly complained about such conduct, upon notification to The Salvation Army of such conduct, The Salvation Army took prompt remedial action.

### EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff was subjected to the conduct alleged in Plaintiff's Complaint, and even if Plaintiff promptly complained about such conduct, upon notification to The Salvation Army of such conduct, the conduct ceased.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

### TENTH AFFIRMATIVE DEFENSE

During all relevant times, Plaintiff was not a disabled individual under the ADA.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Defendant was required to supply a reasonable accommodation, Defendant did so.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant's decision to terminate Plaintiff was based upon its business judgment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any accommodation that Defendant did not provide was because Defendant was not asked to provide such an accommodation by Plaintiff.

### **FOURTEENTH AFFIRMATIVE DEFENSE**

If it is determined that Plaintiff requested an accommodation which was not provided by Defendant, such accommodation was not provided because of undue hardship.

WHEREFORE, The Salvation Army respectfully requests this Honorable Court to dismiss Plaintiff's Complaint and enter judgment against Plaintiff and in favor of The Salvation Army along with costs of suit, reasonable attorney's fees and any other relief this Court deems appropriate.

Dated: November 5, 2002

        Submitted by,
        HEPBURN WILLCOX HAMILTON & PUTNAM, LLP

---

        Susan L. White
        I.D. No. 46066
        HEPBURN WILLCOX HAMILTON & PUTNAM, LLP
        1100 One Penn Center
        Philadelphia, PA 19103
        (215) 568-7500