**NOTICE OF MOTION AND MOTION**

Susan L. White, Esquire
Hepburn Willcox Hamilton & Putnam, LLP
1100 One Penn Center
Philadelphia, PA 19103
(215) 568-7500

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action, File Number 21-CV-4055

|  |  |  |
|---|---|---|
| CANDICE LLOYD, | ) | |
|     Plaintiff, | ) | NOTICE OF |
|  | ) | MOTION AND |
| v. | ) | MOTION TO |
|  | ) | COMPEL |
| THE SALVATION ARMY, | ) | RESPONSES TO |
|     Defendant. | ) | DISCOVERY |

    Defendant, The Salvation Army moves the Court for an order compelling production of documents and responses to interrogatories with respect to requests propounded on or about November 25, 2002. **Exhibit A.** Those requested documents are: (1) any and all documents identified in Plaintiff's answers to Defendant's First Set of Interrogatories; (2) any and all documents not covered by Document Request No. 1, which relate or refer to Plaintiff's claims; (3) any and all documents that relate or refer to Plaintiff's alleged disability; and (4) any and all documents that relate or refer to Plaintiff's damages. This motion is made on the basis that the requested documents are non-privileged and are reasonably calculated to lead to the discovery of admissible evidence and Plaintiff, Candice Lloyd, has failed and refused and still fails and refuses to respond to Defendant's discovery requests, although Defendant has frequently and continuously requested and demanded that Plaintiff produce such documents and respond to such interrogatories, even agreeing to an extension to do so until February 17, 2003. **Exhibits B and C.**

This motion is based on this Notice of Motion and Motion, the proposed order submitted herewith, and all other papers and argument the Court shall entertain in connection with the submission of this motion.

## Certification of Counsel

I certify that I conferred in good faith with Gregg Zeff, Esquire, counsel for Plaintiff, in an effort to obtain responses and secure inspection of documents without court action, but was unable to do so.

Dated: _____   Signed: _____
                                   Susan L. White, Esquire
                                   I.D. No. 46066
                                   Hepburn Willcox Hamilton & Putnam, LLP
                                   1100 One Penn Center
                                   Philadelphia, PA 19103
                                   (215) 568-7500
                                   Attorney for Defendant, The Salvation Army

**CERTIFICATE OF SERVICE**

I, Susan L. White, do hereby certify that a true and correct copy of the attached Defendant's Motion to Compel Responses to Discovery was served on February 19, 2003, by first class mail, postage pre-paid upon the following:

>Gregg L. Zeff, Esquire
>Frost & Zeff
>Pier Five at Penn's Landing
>Philadelphia, PA 19106
>(Attorney for Plaintiff)

Dated: _____

                                        Susan L. White
                                        Attorney for Defendant
                                        The Salvation Army

**NOTICE OF MOTION AND MOTION**

Susan L. White
Hepburn Willcox Hamilton & Putnam, LLP
1100 One Penn Center
Philadelphia, PA 19103
(215) 568-7500

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action, File Number 21-CV-4055

| | |
|---|---|
| CANDICE LLOYD,<br>　　　Plaintiff,<br><br>v.<br><br>THE SALVATION ARMY,<br>　　　Defendant. | NOTICE OF<br>MOTION AND<br>MOTION TO<br>COMPEL<br>RESPONSES TO<br>DISCOVERY |

**ORDER**

　　AND NOW, this _____ day of _____, 2003, after consideration of Defendant's Motion to Compel Responses to Discovery, it is hereby ORDERED that Plaintiff is directed to provide responses to Defendant's First Set of Interrogatories and the the following documents: (1) any and all documents identified in Plaintiff's answers to Defendant's First Set of Interrogatories; (2) any and all documents not covered by Document Request No. 1, which relate or refer to Plaintiff's claims; (3) any and all documents that relate or refer to Plaintiff's alleged disability; and (4) any and all documents that relate or refer to Plaintiff's damages within ten (10) days of this ORDER.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Eduardo C. Robreno, J.